**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CYNTHIA R. SMITH, <br><br> Plaintiff, <br><br> v. <br><br> AUDUBON FINANCIAL BUREAU, LLC, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Case No.: <br> ) <br> ) COMPLAINT AND DEMAND FOR JURY <br> ) TRIAL <br> ) <br> ) (Unlawful Debt Collection Practices) <br> ) |

**COMPLAINT**

CYNTHIA R. SMITH ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against AUDUBON FINANCIAL BUREAU, LLC ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy;" and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Pennsylvania, therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)( 2).

**PARTIES**

5. Plaintiff is a natural person who resides in Butler, Pennsylvania 16001.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. §1692k(a), and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Upon information and belief, Audubon Financial Bureau, LLC is a limited liability company with its principal place of business located at 200 John James Audubon Parkway, Suite 301, Amherst, NY 14228.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

11. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff originating from a payday loan.

12. The alleged debt Defendant was seeking to collect arose from transactions, which were primarily for personal, family, or household purposes.

13. As Plaintiff has no business debt, the debt could have only been personal in nature.

14. By way of background, Plaintiff was making monthly payments on the alleged debt to Cash Web USA.

15. However, beginning on or about July 2, 2013, Defendant placed repeated, harassing telephone calls to Plaintiff's cellular and work telephones seeking and demanding payment of the alleged debt.

16. Several of Defendant's debt collectors contacted Plaintiff, including a Matt Smith and Branna Johnson.

17. On July 3, 2013, Plaintiff received a voicemail message from Defendant threatening legal action if she did not call back.

18. Scared, Plaintiff returned Defendant's call and spoke with one of its collectors, who identified himself to Plaintiff as Matt Smith.

19. Mr. Smith demanded payment of an amount, greater than the amount of the alleged debt.

20. When she objected to paying the amount demanded, Mr. Smith deceptively claimed that he was finalizing the documentation in order to have her served with legal paperwork for the alleged debt.

21. Mr. Smith falsely stated that Defendant was going to bring legal action against her unless she immediately made payment on the phone.

22. Plaintiff refused to make payment to Defendant, explaining that she had been making payments to Cash Web.

23. When Plaintiff was transferred to another collector, the individual did not identify himself, started laughing at her, and demanded that she "just pay the debt" so she did not have to go to court.

24. It was upsetting to Plaintiff to be mocked by Defendant's collector, as she had been making regular monthly payments on the alleged debt.

25. Further, Defendant's collector claimed that Cash Web is a company of crooks, but that they will win and she will have to pay their legal fees.

26. In response, Plaintiff told Defendant to file what it wanted as she became worried that Defendant's company may not be a legitimate collection agency.

27. Then, on July 16, 2013, Defendant called Plaintiff and left another message claiming that its collector was from its legal department and was trying to resolve a "discrepancy."

28. Further, the message stated that Defendant's collector realizes that "we all make mistakes" and that Plaintiff "must have forgotten to finish paying."

29. In addition to calling Plaintiff on her cellular telephone, Defendant also contacted Plaintiff at her place of employment.

30. When doing so, Defendant spoke with several of Plaintiff's co-workers, each time asking to speak with Plaintiff, advising that it was "personal," and requesting updated "personal information" in order to reach Plaintiff.

31. This was embarrassing to Plaintiff to receive collection calls at her place of employment, as individuals were aware that she was being contacted by a collection company as a result of its statements that it was calling about a "personal matter' and requesting location information.

32. Additionally, at the time Defendant contacted Plaintiff's place of employment, it had already spoken with her and had her valid contact information.

33. Lastly, in its attempts to collect a debt, Defendant contacted Plaintiff's parents' home telephone number.

34. When calling Plaintiff's parents, on at least six (6) occasions, Defendant left messages on their home answering machine threatening to take legal action against Plaintiff if she did not contact them at the end of the day.

35. Upon information and belief, at no time did Defendant have the intent to take any legal action against Plaintiff when it threatened to do so but made the statements with the intent to frighten Plaintiff and her parents, as well as to coerce Plaintiff into paying a disputed debt.

36. Further, Defendant could not take the action it threatened because, in Pennsylvania, the making of payday loans to residents is not authorized under Pennsylvania law and such lending violates the Consumer Discount Company Act, 7 P.S. § 6203.A and the Loan Interest and Protection Law, 41 P.S. § 201. .

37. It is averred that Defendant took the actions described herein with the intent to deceive, harass and intimidate Plaintiff into paying an alleged debt.

## DEFENDANT VIOLATED
## THE FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

38. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

39. Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly demanding payment of a debt in which she was already making payments; when it laughed at Plaintiff; when it created a false sense of urgency to return its calls by threatening suit if she did not return the call; calling her place of employment and speaking with her co-workers; and when they engaged in other harassing or abusive conduct.

### COUNT II

40. Section 1692e of the FDCPA prohibits debt collectors from using false, deceptive, or misleading representations or means in connection to the collection of any debt.

41. Section 1692e(2)(A) of the FDCPA prohibits debt collectors from misrepresenting that amount, character or status of a debt.

42. Section 1692e(5) of the FDCPA prohibits debt collectors from threatening to take any action that cannot legally be taken or that is not intended to be taken.

43. Section 1692e(10) of the FDCPA prohibits debt collectors from making false or misleading representations, in connection with the collection of a debt.

44. Defendant violated §§ 1692e, 1692e(2)(A), 1692e(5) and 1692e(10) when it misrepresented to Plaintiff that she owed an amount that she did not owe; when it threatened to take legal action against Plaintiff when it did not have the intention, or the legal authority, to take such action; when it represented itself as a legal department; and when it made other false, deceptive or misleading representations.

## COUNT III

45. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect an alleged debt.

46. Section 1692f(1) of the FDCPA prohibits debt collectors from collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

47. Defendant violated §§ 1692f and 1692f(1) of the FDCPA when it attempted to collect an amount that was not owed; making untrue statements about the underlying creditor to Plaintiff; creating a false sense of urgency to return its calls; and other unfair and unconscionable means in attempting to collect the debt from Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CYNTHIA R. SMITH, respectfully prays for a judgment as follows:

    a. All actual damages;

    b. Statutory damages;

   c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

   d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

  PLEASE TAKE NOTICE that Plaintiff, CYNTHIA R. SMITH, demands a jury trial in this case.

DATED: December 6, 2013   RESPECTFULLY SUBMITTED

           KIMMEL & SILVERMAN, P.C.

          By: /s/ Craig Thor Kimmel
            Craig Thor Kimmel
            Attorney ID # 57100
            Attorney for Plaintiff
            30 E. Butler Pike
            Ambler, PA 19002
            Phone: (215) 540-8888
            Fax: (877) 788-2864
            Email: kimmel@creditlaw.com